### JULIUS C. LEHMAN AND WIFE v. ANTON HAUK.

1. A husband is an improper party to a suit on a judgment obtained in another state by his wife.
2. Unless, however, the notice of misjoinder which is required by the practice act be given, such imperfection cannot be taken advantage of by demurrer.

---

In debt.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiffs, *B. C. Chetwood.*

For the defendant, *M. T. Newbold.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an action of debt founded on a judgment obtained by Mrs. Lehman, one of the plaintiffs, in her own right and name, in the Court of Common Pleas of the city of New York, against the defendant in this suit. This judgment is thus described in the first count

of the declaration, and this count is demurred to, on the ground that the husband is not a proper party.

The count is undoubtedly defective, as the wife is now competent to sue in her own name to vindicate such a right as that embraced in this part of the declaration, and the husband has no interest in the matter, and hence has no more claim to be a suitor than a stranger would have. As the incongruity appears on the record, a demurrer is the appropriate method of pointing out and excepting to the imperfection.

Nevertheless, this demurrer cannot be sustained, as it is admitted that the notice required by the practice act has not been given. The counsel of the defendant has submitted in behalf of his client a well-considered and ingenious argument, with a view to produce the conviction that the statutory provision is not applicable to the instance of a demurrer interposed on the ground of a misjoinder. The groundwork of that argument is the absence of any necessity for such notice when the defect is apparent on the record. But whatever the force of this consideration, it can be of no avail when opposed in the scale by the clear expressions of this law. The meaning of this act is so plainly declared that it cannot be obscured by any ingenuity. For example, the first clause of the section (*Rev., p.* 853, § 37,) is thus phrased : " The non-joinder or misjoinder of a plaintiff shall not be objected to by the defendant, unless he give written notice of such objection to the plaintiff, within five days after filing his plea or demurrer, and state in such notice the name of the person alleged to have been omitted or improperly joined." It seems to me no language can have a plainer signification than this ; it requires a notice of the name of the person alleged to be improperly joined when a demurrer is filed. In other parts of the section a similar intention is manifested.

As the statute declares that without a notice the defendant shall not object to the misjoinder, the issue raised on the demurrer must be decided against him.